IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHIEF BLACK THUNDERBIRD "EAGLE" | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:03-CV-0392-3 (DF) |
| UNITED STATES DISTRICT ATTORNEY MAXWELL WOOD, et al., | : |
| Defendant. | : |

### FEDERAL DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW United States Attorney Maxwell Wood, Assistant United States Attorney Richard Moultrie, Department of Justice Attorney Stephanie Thacker, Federal Bureau of Investigation Agents Jalane Ward and Joan Cronier, Jane or John Does from the United States Marshal's Service and the United States Magistrate Judge Claude W. Hicks, Jr., (hereinafter "Federal Defendants"), by and through counsel[1], and, without waiving any defenses and/or objections they might have to service of process, venue, jurisdiction, or otherwise, file this their motion pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of the Plaintiff's claims against each defendant in this matter as follows:[2]

---

[1] At the present time, it is expected that any Federal employees, officers or agents will be represented in their appropriate capacity by the United States Attorney for the Middle District of Georgia.

[2] Based upon the dates of attempted service of process at the address of the U.S. Attorney, an answer or response could be due on December 23, 2003. It is important to note however, that personal service has <u>not</u> been perfected on several of these individuals as of the date of this motion. This motion is therefore, regardless of such service issues, a timely responsive pleading for the named, and unnamed, Federal Defendants.

In this action, Plaintiff, under the name Chief Black Thunderbird "Eagle", has filed a pleading based upon a form civil action entitled "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983" to which he has added numerous type written pages of allegations and exhibits. Plaintiff has filed both a first and a second amendment to the original complaint, amending the complaint first to add his prisoner number and in the second instance, to add additional defendants, new assertions and additional exhibits.[3] Plaintiff has designated, as some defendants, various federal actors by name and official position and has made allegations directed at the official position of each Federal Defendant. The assertions are broad and all apparently relate to allegations that he has been "tortured" during his arrest and/or incarceration.

While the Federal Rules of Civil Procedure generally require only notice pleading setting forth the Plaintiff's claim, see, Fed. R. Civ. P. 8(a)(2), Rule 12(e) permits the Court to order a plaintiff to provide a more definite statement of the causes of action being raised. Under Rule 12(e), a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . " Rule 12(e) motions are appropriate where the complaint fails to adequately set forth the allegations and the intended claims for relief, so that the case, including discovery, becomes difficult to manage for both the Court and the parties. Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996); see also Byrne v. Nezhat, 261 F.3d 1075, 1132 (11th Cir. 2001). In this instance, it is clear that the broad and vague allegations made against the Federal Defendants make it impossible for the Federal Defendants to frame meaningful responsive pleadings, including potential defenses

---

[3]Defendant notes that Plaintiff has filed his second amendment without first obtaining leave of the Court. As a result, at this point, it is uncertain what allegations are even properly raised in the case. See Rule 15(a).

which might be available.

First, the Federal Defendants submit that the nature of the pleadings make it impossible to determine in what capacity, official or individual, Plaintiff is attempting to sue the Federal Defendants. In each instance Plaintiff has failed to delineate specifically whether he is raising individual or official capacity claims, but has named each defendant's official position in connection with the assertions he is raising. Clearly, as official capacity claims would in reality be claims against the United States, the capacity in which Plaintiff is suing each defendant would affect a number of defenses which might be available to the defendants, as well as determining the requirements for service of process at the outset of the case. Unless the Plaintiff is now required to specifically state the capacity in which he is attempting to sue the named parties, framing responsive pleadings would be unnecessarily cumbersome, lengthy, and would raise questions as to available defenses. Finally, with respect to this issue, the capacity in which they are sued potentially affects representation of the proported Federal Defendants, and the mechanics of obtaining such representation through the United States Department of Justice.

Additionally, as they are currently pled, the defendants cannot determine the proported basis for any allegations which the Plaintiff has made against them. While there are, in certain instances, very specific detailed factual allegations, Plaintiff has proportedly brought the action under 42 U.S.C. §1983. Because 42 U.S.C. §1983 does not apply to federal actors in any capacity, see, e.g. American Science and Engineering, Inc. v. Califano, 571 F.2d 58, 63 n.8 (1st Cir. 1978), Defendant's are left with uncertainty concerning the alleged basis for the Court's jurisdiction in this case. To the extent that Plaintiff is attempting to set forth some constitutional tort claim, his particular allegations fail to define what constitutional or statutory rights are alleged to have been violated or how the particular factual allegations which have been raised

could support any violation of a duty to the Plaintiff. The uncertainty is magnified by the fact that Plaintiff has raised allegations against both state and private actors in the same complaint as the allegations against these proported federal actors, without making any distinction as to the legal support for any such allegations.

Finally, the Federal Defendants submit that the complaint, as currently drafted, leaves a good deal of uncertainty as to who the proported defendants might be. In the first amended complaint, United States Magistrate Judge Claude W. Hicks, Jr. is named as a defendant, whereas in the second amended complaint, Magistrate Judge Hicks is listed in the statement of claim, but is not listed as a defendant on either the Plaintiff's "List of Defendants for Civil Action No. 5:03-CV-0392-3" or the page entitled "IV. Parties To This Lawsuit Attachment (Item # 9)" Such inconsistencies simply add to the confusion inherent in the lengthy and repetitive complaint.

## CONCLUSION

Because the Plaintiff's complaint is unduly vague and uncertain, the Federal Defendants cannot at this point reasonably frame their answer and defenses to the allegations as pled. For those reasons, and in the interest of judicial efficiency and economy, the Federal Defendants move this Court to require the Plaintiff to file a more definite statement of his claims against the Defendants setting forth "a short and plain statement of the claim" which he is attempting to raise against each defendant and setting forth the capacity in which he seeks to raise such claims against each Defendant.[4]

---

[4] Another example of the vagueness and uncertainty of the complaint is the mailing address Plaintiff has demanded that Defendants use for service which is not in the form of an ordinary U.S. mailing address. As a result, Defendants will serve Plaintiff at that "address" as well as the latest known place of incarceration, under the name with which he is listed, Dwight D. York. (See Certificate of Service, attached herewith).

Respectfully submitted, this 23rd day of December, 2003.

                MAXWELL WOOD
                UNITED STATES ATTORNEY

                H. Randolph Aderhold
                Assistant United States Attorney
                Georgia Bar No. 005150

                Robert D. McCullers
                Assistant U.S. Attorney
                Georgia Bar No. 486976

United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, GA 31202-1702
(478) 752-3511

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the within and foregoing **Federal Defendant's Motion for More Definite Statement and Memorandum of Law in Support Thereof** upon the following by mailing a true and correct copy thereof in a properly addressed envelope with sufficient postage to the following address which include the address Plaintiff has demanded service be directed to and the Plaintiff's last known place of incarceration:

Chief Black Thunderbird "Eagle" 17911-054
Care of: 155 Mansfield Court
Athens, Georgia Domestic Mailing Manual 122.32
"Non Domestic"

Dwight D. York, a/k/a Malachi York, 17911-054
Jones County Sheriff's Department
123 Holmes Hawkins Drive
Gray, Geogia 31032

This 23rd day of December, 2003.

Robert D. McCullers
Assistant United States Attorney
Georgia Bar No. 486976