IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHIEF BLACK THUNDERBIRD,      *
EAGLE,                                *
                                  *
          Plaintiff,       *    CIVIL ACTION
                              *    NO. 5:03-CV-0392-3
   v.                      *
                              *
UNITED STATES DISTRICT       *
ATTORNEY MAXWELL WOOD, et al.,  *
                              *
          Defendants.      *

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I.    FACTUAL STATEMENT

Plaintiff, a detainee presently confined at the Jones County Sheriff's Department in Gray, Georgia, brings this cause of action against, *inter alia*, District Attorney Fred Bright and Assistant District Attorneys Dawn Baskin and Stephen Bradley presumably pursuant to 42 U.S.C. § 1983 seeking to have his pending criminal prosecution for child molestation dismissed or stricken and to be released from confinement. (Complaint, ¶ 12). The allegations against the District Attorney and his two assistants are found in Paragraphs 3.4 and 3.5 as follows:

> District Attorney Fred Bright by and through Assistant District Attorney Dawn Baskin argued against the motion for bond to release Chief Black Thunderbird "Eagle" from incarceration and torture on December 16, 2002. Because of this argument Judge William A. Prior denied the motion for bond and subjected Chief Black

Thunderbird "Eagle" to continue physical and mental torture.

* * *

The Assistant District Attorneys Dawn Baskin and Stephen Bradley are party to the torture of Chief Black Thunderbird "Eagle" having argued against the motion for bond to release Chief Black Thunderbird "Eagle" from incarceration and torture on December 16, 2002. Because of this argument Judge William A. Prior denied the motion for bond and subjected Chief Black Thunderbird "Eagle" to continued physical and mental torture.

For the reasons set forth below, dismissal of this action against these three Defendants is appropriate.

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

### A.    DISTRICT ATTORNEY FRED BRIGHT AND HIS TWO ASSISTANTS ARE ENTITLED TO DISMISSAL BASED UPON PROSECUTORIAL IMMUNITY.

The critical case dealing with prosecutorial immunity is Imbler v. Pachtman, 424 U.S. 409 (1976). The Supreme Court stated that a prosecutor enjoys absolute immunity when he acts within the scope of his authority and in a quasi-judicial capacity. Quasi-judicial activities are those which are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. The Imbler Court held "that initiating a prosecution and in presenting a State's case, the prosecutor is immune from civil suit for damages under § 1983."

2

The Supreme Court has defined the basic parameters concerning the circumstances under which a persecutor is entitled to absolute immunity for his actions.  A state prosecutor has absolute immunity during the initiation and pursuit of a criminal prosecution, including presentation the state's case at trial.  Buckley v. Fitzsimmons, 509 U.S.259, 272 (1993); Imbler v. Pachtman, 424 U.S. 409 (1976).  Even an "out-of-court 'effort to control the presentation of [a] witness' testimony' is entitled to absolute immunity because it is 'fairly within [the prosecutor's] function as an advocate.'" Id. at 272-73.  Furthermore, a prosecutor is granted absolute immunity in "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made."  Id. at 273.  A court must focus on the prosecutor's conduct and determine whether the challenged action were "intimately associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430, or "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the state." Buckley, 509 U.S. at 273.

3

Since the allegations against these three individuals involve actions that occurred in the courtroom in their roles as advocates for the state as part of the criminal process, they are entitled to prosecutorial immunity and entitled to be dismissed from this lawsuit.  Further, since District Attorney Fred Bright is sued only as a supervisor and not a direct participant in this lawsuit, liability cannot be imposed upon him as the supervisor.  City of St. Louis v. Praprotnik, 108 S.Ct. 915, 927 (1988).

    **B.**    **THIS CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must prove two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  A plaintiff must show a causal link between the actions of these defendants and the alleged constitutional deprivation in order to prevail.  Novak v. Cobb County-Kennestone Hospital Authority, 849 F. Supp. 1559, 1573 (N.D. Ga. 1994)(citing Williams v. Bennett, 689 F.2d 370, 380 (11th Cir. 1982).  Plaintiff cannot do so in the case at bar.

4

What is alleged against all three of these Defendants is that they argued before Judge Prior against the granting of the release of the Plaintiff on bond. While these assistants may have made that argument, what is unstated in the Complaint is that the Plaintiff had the ability to oppose the argument (and likely did so). It was after hearing both sides of the issue that Judge Prior made the judicial decision that allegedly subjected the Plaintiff to "continued physical and mental torture". The decision to grant or deny bond rested exclusively within the province of Judge Prior and the causation of Plaintiff's "injury" rested exclusively with the Judge and not the Assistant District Attorneys. Since these Defendants were not the cause of Plaintiff's "injury", any lawsuit based upon this conduct would fail to state a legitimate legal claim.

C.    **THIS COURT SHOULD ABSTAIN FROM INTERFERING WITH AN ONGOING CRIMINAL PROSECUTION.**

As stated in Plaintiff's Complaint, he has been indicted on a federal indictment (5:02-CR-27) for four counts in violation of 18 U.S.C. § 3283 and 18 U.S.C. § 2423, Interstate Transportation of Minors for Unlawful Sexual Activity, Coercion, or Enticement of a Minor Female and 31 U.S.C. § 5324, Structuring Transactions to Avoid Reporting Requirement. Plaintiff was also indicted by the State of Georgia in Putnam

County (2002-CR-229-10) on 120 counts of child molestation in violation of O.C.G.A. §§ 16-6-4 and 16-6-5.  On October 2, 2002, a re-indictment occurred in Putnam County bringing all charges to 208.  (Complaint, ¶¶ 6.9.1 and 6.9.2).  The relief sought by Plaintiff in this lawsuit is to have this Court "dismiss, stricken, and expunge criminal case (Record No. 5:02-CR-27-1) and to release Plaintiff."  Such relief should not be given here.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court created a doctrine which prevents federal courts from interfering with ongoing state prosecutions, thus creating a judicially created bar for federal courts to interfere with certain state court proceedings.  This doctrine has since been expanded to include state contempt proceedings.  See Juidice v. Vail, 430 U.S. 327 (1977) (holding that "federal-court interference with the State's contempt process is an offense to the State's interest").

The Younger doctrine reaffirms the "basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  Pompey v. Broward County, 95 F.3d 1543 (11th Cir. 1996).  The vital consideration behind the Younger doctrine "lay in the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a

Union of separate state governments, and a continuance of the belief that the National Government will fair best if the State's and their institutions are left free to perform their separate functions in their separate ways." <u>Juidice v. Vail</u>, 430 U.S. 327, 334 (1977).

In the case at bar, not only are there state criminal proceedings pending against this Plaintiff in Putnam County, but there are federal criminal proceedings as well. For this Court to usurp the function of the state tribunal or the decision of other federal judges would be in direct contravention of the <u>Younger</u> doctrine. Plaintiff clearly has a remedy at law through habeas corpus relief or appeal. This tribunal should not entertain the relief sought by this Plaintiff.

### III. CONCLUSION

Based upon the foregoing, District Attorney Fred Bright and his two assistants urge this Court to dismiss this matter against them.

Respectfully submitted,

THURBERT E. BAKER         033887
Attorney General

KATHLEEN M. PACIOUS       558555
Deputy Attorney General

JOHN C. JONES             401250
Senior Assistant Attorney General

7

```
Please Address All
Communications To:
JOHN C. JONES
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
PH:    (404) 463-8850 FAX:   (404) 651-5304
```

8

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **MOTION TO DISMISS AND BRIEF IN SUPPORT OF MOTION TO DISMISS**, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

Chief Black Thunderbird "Eagle" 17911-054
Care of: 155 Mansfield Court
Athens, Georgia Domestic Mailing Manual 122.32
"Non Domestic:

Chief Black Thunderbird "Eagle" 17911-054
Jones County Sheriff Department
123 Holmes Hawkins Drive
Gray, Georgia  31032

This __31st__ day of December, 2003.

_____
JOHN C. JONES
Senior Assistant Attorney General

9