IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHIEF BLACK THUNDERBIRD "EAGLE," | : | |
| Plaintiff | : | |
| VS. | : | |
| DAWN BASKIN, *et al.*, | : | CIVIL ACTION NO. 5:03-cv-392-3(DF) |
| Defendants | : | **O R D E R** |

Plaintiff **CHIEF BLACK THUNDERBIRD "EAGLE"** sues federal officials, Putnam County officials, physicians, and others, asserting various claims in connection with his arrest and detention. Plaintiff has paid the entire $150.00 filing fee.

Plaintiff filed his original complaint on November 24, 2003. Before any of the defendants could file a response to plaintiff's complaint, plaintiff filed a "First Amended Complaint" on November 25th (Tab # 2), a "Second Amended Complaint" on December 8th (Tab # 4), a "Third Amended Complaint" on December 15th (Tab # 5), and a "Fourth Amended Complaint" on December 22nd (Tab # 17). On May 11, 2004, plaintiff filed a "Fifth Amended Complaint" (Tab # 39). All the amended complaints were filed without the required leave of Court.

Upon review of plaintiff's submissions, the Court finds that plaintiff alleges that he was subjected to a number of unrelated constitutional violations during his arrest and while he was incarcerated at the following prisons: Putnam County Jail, Jones County Jail, Clayton County Jail, U.S. Penitentiary in Atlanta, Federal Transit Center in Oklahoma, and Metropolitan Correctional

Center in New York, New York. Plaintiff originally named twelve defendants. Over the course of his filings, which collectively encompass approximately 200 pages (in addition to the Court's pre-printed forms), plaintiff made allegations against many additional individuals. It is unclear exactly how many additional defendants plaintiff wishes to name inasmuch as his filings include allegations against many individuals who are not listed in the various captions or in the appropriate section of the Court's pre-printed forms.

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." The six separate complaints filed by plaintiff are anything but "short and plain." The Court finds that the many different alleged incidents and causes of action, the number of the defendants, and the combined length of the complaints do not amount to a "short and plain statement of the claim" and therefore constitute noncompliance with the requirements of Rule 8.

Plaintiff is therefore **ORDERED** to file a recast complaint in this case. The recast complaint shall take the place of and supercede the original complaint and all of its amendments. Plaintiff shall comply with the following guidelines in redrafting his complaint:

(1) The recast complaint shall consist of a completed new section 1983 form (attached to this order), along with <u>no more than ten (10) additional pages</u>. NO EXHIBITS SHALL BE ATTACHED TO THE RECAST COMPLAINT, as such exhibits are in the nature of evidence, and it is improper to submit evidence at this stage of the proceeding.

(2) The recast complaint must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit. Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the body of the complaint as a means of including them as defendants herein.

(3) As to each defendant so named, plaintiff shall make brief factual recitations of the specific actions or omissions of said defendants (including dates, if possible) which allegedly were in violation of his constitutional rights. Plaintiff is encouraged to limit the number of defendants and causes of action set forth in the recast complaint so that he may easily comply with the page limitations imposed by this order.

(4) In an effort to save plaintiff space for his valid claims, the Court notes that his claims against private citizens Yaquwb Abdullah Muhammad, Habiba Washington, Nicole Lopez, Zaiyda and Bruce LaRoche, Kiturah Eddington, Nicole Harden, and Sakinah Parham are meritless as none of these defendants are state actors and none acted under color of state law. Purely private conduct, no matter how wrongful, is not actionable under section 1983. ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 49-50 (1999).

(5) Moreover, plaintiff is further advised that the Middle District of Georgia is not the proper Court for filing claims which arose outside this district and against defendants who reside outside this district. Therefore, plaintiff's claims alleging events occurring in Atlanta and against defendants presumably residing in the Atlanta (namely, Drs. Musso, Negrone, and August), should be filed in the Northern District of Georgia. Plaintiff's claims alleging events occurring in Oklahoma City, Oklahoma and against defendants presumably residing in Oklahoma City should be filed in the Western District of Oklahoma. Claims alleging events occurring in New York, New York and against defendants presumably residing in New York, New York should be filed in the Southern District of New York. Claims against any of the foregoing defendants will not be considered in this Court.

(6) Plaintiff is specifically instructed that he may not incorporate any portion of his original complaint into the recast complaint by reference. Further, plaintiff shall submit only one recast complaint in accordance with the terms of this order.

Lastly, various defendants have filed three motions to strike (Tab #s 32, 34, & 41), two motions for a more definite statement (Tab #s 20 & 33), and two motions to dismiss (Tab #s 27 & 37). In light of this Court's order that plaintiff recast his complaint, the undersigned hereby **ORDERS** that each of said defense motions be **DISMISSED**. Defendants may re-file their said motions and any other appropriate filings in response to plaintiff's recast complaint.

Plaintiff shall be given twenty (20) days from his receipt of this order to submit said recast complaint to the Clerk of Court. His failure to comply with this order within the 20-day time period, or to explain his inability to do so, may result in the dismissal of all or certain portions of this action. There shall be no service of process on any defendant until further order of the Court.

**SO ORDERED**, this ___9___ day of ___Aug.___, 2004.

_____
DUROSS FITZPATRICK
UNITED STATES DISTRICT COURT

DF/cr

ENTERED ON DOCKET
___8-10___, 20_04_
Gregory J Leonard, Clerk
_____
Deputy Clerk