IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MONA JACKSON, DeLANTA JONES, SHIRLEY GRANT-EVANS, LAVONNE PINDER, ROSALYN ELLIS, DIAHANN STEVENS, and YOMARIE FEBRES, : : : : : : | |
| Plaintiff, : | |
| vs.  : | 5:03-CV-392(WDO) |
| : | |
| HOWARD RICHARD SILLS, and TRACEY BOWEN, : : | |
| : | |
| Defendants. | |

**RECOMMENDATION OF DISMISSAL AS TO PLAINTIFFS SHIRLEY GRANT-EVANS AND LAVONNE PINDER**

On or about February 28, 2005 the above captioned plaintiffs filed a joint motion seeking a status/scheduling/discovery conference (document # 80). Plaintiffs' motion was granted on April 7, 2005, and the hearing was scheduled to occur in Albany on May 3, 2005 beginning at 10:00 a.m. (Document # 83). Contained within the order granting plaintiffs' motion was the following:

> This conference shall be attended by **all plaintiffs** and counsel for defendants. The plaintiffs shall be prepared to identify and discuss each of their allegations of constitutional misconduct as to each defendant. Failure to attend this requested conference by any plaintiff will result in the immediate recommendation of dismissal as to that plaintiff for failure to prosecute this claim as required by Federal Rule of Civil Procedure 41(b).

On the morning of May 2, 2005, the undersigned received a telephone call from a female identifying herself as Rosalyn Ellis. This individual stated that she was in the hospital and would therefore not be able to attend the conference. It was apparent to the undersigned that this caller desired to have the entire conference rescheduled as the plaintiffs wanted to attend as a "group." The undersigned did not cancel the entire conference but rather indicated that depending on the outcome of the conference the matter would be rescheduled as to her.

On the morning of May 3, 2005, at 8:46 a.m. a female identifying herself as Mona Jackson called and advised that the automobile that the "group" was planning on driving to the conference was

involved in an accident on the night of May 2, 2005, and that therefore no plaintiff could attend the conference initially requested by the plaintiffs.

At the designated time for the conference, counsel for the defendants appeared as ordered and was apprised of the phone calls by the court. Counsel for the defendant then informed the court that neither caller had extended him the courtesy of calling his office.

Counsel for the defendants then orally moved the court for an order requiring production of documentation verifying plaintiffs' stated reasons for failure to attend the conference as ordered. The undersigned granted defendants' oral motion and then ordered as follows:

> Plaintiffs are hereby **ORDERED and DIRECTED** to produce the following documentary evidence, which must be received in the offices of the undersigned and defense counsel on or before the close of business on Friday, May 13, 2005:
> 1. Copies of the pertinent portion of the hospital records for Rosalyn Ellis which clearly show her hospitalization on May 2 and 3, 2005.
> 2. A copy of the Georgia Motor Vehicle Accident Report generated by a law enforcement agency as the result of the automobile having been involved in an accident during the evening of May 2, 2005, and which rendered the vehicle inoperable.
>
> Assuming the timely production of the above described evidence the status/scheduling/discovery conference will occur on Wednesday, May 18, 2005, at 10:00 a.m. in the U.S. Magistrate Judge's Courtroom, Third Floor, United States Courthouse, 201 West Broad Avenue, Albany, Georgia.
>
> Should the hospital records not be produced as ordered an immediate recommendation of dismissal will be filed as to plaintiff Rosalyn Ellis and she will not be heard during the May 18, 2005 conference. Should the Georgia Motor Vehicle Accident Report not be produced as ordered an immediate recommendation of dismissal will be filed as to plaintiffs Mona Jackson, DeLanta Jones, Shirley Grant-Evans, and Lavonne Pinder and they will not be heard during the May 18, 2005 conference.

(document # 85).

Plaintiffs Ellis and Jackson complied by timely filing the required documentary evidence and appeared for the rescheduled May 18, 2005, hearing as did plaintiff Jones.[1]  The undersigned made

---

[1] Although they use different last names, Plaintiffs Jones and Jackson are husband and wife.

inquiry of the three plaintiffs who were present as to the whereabouts of plaintiffs SHIRLEY GRANT-EVANS and LAVONNE PINDER and was advised that they did not know the location of the missing plaintiffs and had had no recent contact with them.

It is noted that the service copies of the orders of April 7, 2005, and May 3, 2005, mailed to plaintiffs GRANT-EVANS and PINDER at their last known addresses have not been returned to the court as undeliverable, thus giving rise to the presumption of receipt by the addressee.  In light of the fact that these plaintiffs have failed to attend two hearings when ordered to do so by the court, it must be logically concluded that these plaintiffs have failed to diligently prosecute their claims as required by Federal Rule of Civil Procedure 41(b).  Further, they have disobeyed  direct orders of this court on two occasions.  As to the plaintiffs SHIRLEY GRANT-EVANS and LAVONNE PINDER, no sanction short of dismissal of their complaints will realistically suffice.

It is therefore RECOMMENDED that the complaints of plaintiffs SHIRLEY GRANT-EVANS and LAVONNE PINDER be dismissed with prejudice for the reasons set out herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Wilbur D. Owens, Jr., United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

After hearing the remaining three plaintiffs state the nature of their claims against the two defendants the undersigned has grave doubts that constitutional violations are even involved.  A transcript of that hearing has been orded and will be carefully analyzed upon receipt

**SO RECOMMENDED,** this 26th day of May 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

3