IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MONA JACKSON, et al.,

Plaintiffs,

VS.

HOWARD RICHARD SILLS, et al.,

Defendants.

CIVIL ACTION FILE
NO. 5:03-CV-392 (WDO)

**RECOMMENDATION**

This civil action alleging violations of constitutional rights arises out of the investigation, prosecution, and conviction of one Dwight D. York a/k/a Malachi York, for among other things, sexual exploitation and molestation of minors (See U.S. v. York, 5:02-cr-27. M.D. GA.). Subsequent to York's conviction on January 23, 2004, numerous civil actions, alleging constitutional violations were filed by *pro se* plaintiffs against various law enforcement and prosecution personnel. This civil action, specifically, 5:03-CV-392 (WDO), was filed by York on November 24, 2003. The fourteen subsequent civil actions filed in calendar year 2004, as a result of the criminal investigation and prosecution of York, were consolidated into this action by order of this court.

Most, if not all, of the *pro se* plaintiffs were former residents of a religious or spiritual compound maintained by York in the Macon Division of the Middle District of Georgia. Most of the lawsuits have been dismissed for various reasons. At present, according to the electronic docket for this case, it appears that five plaintiff's may remain with claims against only two defendants. This recommendation will address all remaining claims.

Regarding the action filed by plaintiff Carol Mabry against defendant Howard R. Sills, the

then Sheriff of Putnam County, Georgia, (originally 5:04-CV-285), the undersigned believes that pursuant to a previous order entered herein by the court and inaction on the part of this plaintiff she has been dismissed as a party with prejudice. On September 14, 2004, United States District Judge Wilbur D. Owens entered an order herein providing in pertinent part the following:

> It has been brought to the court's attention that some of the plaintiffs have failed to serve the defendant(s) named in their individual complaints and that some of the plaintiffs have moved from the addresses originally provided to the court but have failed to provide forwarding addresses to the court. Failure of any individual plaintiff to (1) serve the defendant(s) named in his or her original complaint NO LATER THAN TEN DAYS FROM THE DATE OF THIS ORDER and (2) failure to provide the court with their new, correct address shall cause that plaintiff's claims and that plaintiff as a party to be dismissed WITH PREJUDICE for failure to prosecute their case.

(Document # 46)(Emphasis in original).

On December 10, 2004, mail previously sent to plaintiff Mabry at her last known address was returned to the Clerk of Court undeliverable as addressed (document # 74). The file contains no information indicating that the plaintiff has ever provided the court with her current address, nor does it indicate that this plaintiff has been heard from in well over a year. Based upon the above quoted language from the court's order and the plaintiff's failure to comply it appears that she has been dismissed with prejudice. IT IS SO RECOMMENDED.

Regarding the action filed by plaintiff Elvira Weekes also against defendant Sills (originally 5:04-CV-205), it is the finding of the undersigned that the above quoted language from the September 14, 2004, court order dictates dismissal of this plaintiff with prejudice, but for a different reason. Plaintiff's complaint was filed on June 29, 2004 (document # 1 in 5:04-CV-205) and answered on July 30, 2004 (document # 3 in 5:04-CV-205). The second defense

raised in this defendant's answer reads as follows:

> There has been an insufficiency of process and an insufficiency of service of process in this action. More particularly, the defendant shows that he has not been served with summons and complaint as required by F.R.C.P 4; nor has defendant waived such service.

It does not appear that this defendant has ever been served with the complaint filed by this plaintiff as required by the above quoted language from the order of September 14, 2004, and she should therefore be dismissed with prejudice as a plaintiff in this matter. IT IS SO RECOMMENDED.

Likewise, regarding the action filed by plaintiffs Mona Jackson and DeLanta Jones, husband and wife, (originally 5:04-CV-199), it is the finding of the undersigned that these plaintiffs should also be dismissed with prejudice for failure to serve their complaint on defendant Sills. The defendant filed an answer in this matter on July 30, 2004, in which his second defense was identical to the above quoted second defense to the Weekes complaint. There is no indication or showing that this defendant has ever been served with the complaint filed by these defendants.

A hearing was convened in this matter on May 18, 2005. The plaintiff's Jackson and Jones attended this hearing as did counsel for defendant Sills. The essence of the complaint of these plaintiffs against defendant Sills is that as early as 1998 defendant had been informed that York was molesting children at the compound but that he failed to inform plaintiffs of this fact thereby exposing their minor children to the possibility of molestation.[1] They also complain that upon the execution of a search warrant at the compound on May 6th or 8th, 2002, their minor

[1]These plaintiffs are not alleging that their minor children were molested, only that they could have been

children were frightened and forced to stand outside in the sun for approximately four hours. Of significance is the fact that plaintiff's are maintaining this civil action on their own behalf rather than on behalf of their minor children. Nowhere in their pleadings is there any indication that this matter is brought by the adult plaintiffs "as next friend" or "on behalf of" the minor children. The complaint was filed by Jackson and Jones on June 25, 2004 and the last event complained of occurred in May 2002. In his answer the defendant raises the two year statute of limitations. It thus appears that this complaint is barred by the running of the statute of limitations, and should also be dismissed with prejudice for that reason. IT IS SO RECOMMENDED.

Should the United States District Judge to whom this matter has been assigned adopt the above portion of this recommendation in its entirety it is believed that defendant Howard Richard Sills will be completely dismissed as a party to this action.

The claim brought by the sole remaining plaintiff, Rosalyn Ellis, against the sole remaining defendant, Tracey Bowen, a female detective with the Putnam County Sheriff's Department (transcript of May 18, 2005 hearing, p. 49)[2] (original civil action number is 5:04-CV-268) was filed on June 24, 2004, regarding events allegedly occurring on May 16, 2002 (Complaint, document # 1, ¶ 2). The complaint alleges that the plaintiff's then seventeen year old daughter was traumatized by the manner in which defendant questioned her outside the presence of the plaintiff. Again, of significance is the fact that plaintiff maintains this civil action in her own name rather than on behalf of her then minor daughter. In her sixth defense defendant Bowen raises the statute of limitations. Inasmuch as the plaintiff is bringing this action on her own behalf it appears that the statute of limitations has run as to her as the

[2]This plaintiff was also present at the May 18, 2005, hearing.

complaint was filed more than two years after the complained of event. Further, plaintiff's daughter was born on February 20, 1985 (transcript p. 47). She therefore became an adult on February 20, 2003, more that one year prior to the filing of this lawsuit. Any lawsuit that the daughter might have wanted to file on her own behalf as a result of the complained of act would have to have been filed on or before February 20, 2005. This matter is clearly barred by the statute of limitations and should therefore be dismissed with prejudice. IT IS SO RECOMMENDED.

It is the belief of the undersigned that if this recommendation is adopted in its entirety this file will be closed as to all parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Wilbur D. Owens, Jr., Senior United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 24th day of March 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE